IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NAZARIO MARTINEZ, *and* <br> JULIANA GARZA, *Individually and as Representative of the Estate of* <br> JUAN GARZA, *Deceased,* <br> *Plaintiffs,* <br><br> vs. <br><br> TRANSPORTES REFRIGERADOS GALVAN, S.A. de C.V., *and* <br> JAVIER LAGOS PINEDA, <br> *Defendants.* | § § § § § § § § § § § § § CIVIL ACTION NO. _M-23-cv-230 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES, Plaintiffs, NAZARIO MARTINEZ, JULIANA GARZA, Individually and as Representative of the Estate of JUAN GARZA, deceased, in the above-styled and numbered cause, and files this Original Complaint, complaining of Defendants, JAVIER LAGOS PINEDA and TRANSPORTES REFRIGERADOS GALVAN, S.A. de C.V., and in support thereof would respectfully show unto this Court as follows:

**1.
Parties and Service**

1.1   Plaintiff, Nazario Martinez, is an individual residing in Harlingen, Cameron County, Texas.

1.2   Plaintiff, Juliana Garza, is an individual residing in Santa Rosa, Cameron County, Texas, and brings this action individually and as representative of the Estate of Juan Garza, deceased[1].

---

[1] Mr. Juan Garza died prior to the filing of this lawsuit for reasons believed to be unrelated to the crash that forms the subject of this lawsuit.

1

1.3 Defendant, Javier Lagos Pineda, is an individual residing in Zamora de Hidalgo, Michoacan, Mexico, and may be served with process by serving the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Javier Lagos Pineda at the following address: Av. Juarez Ote. 501, Ejidal Nte., Zamora de Hidalgo, Michoacan, Mexico.

1.4 Defendant, Transportes Refrigerados Galvan, S.A. de C.V., is a foreign corporation organized and existing under the laws of Mexico and may be served with process by serving the registered agent for the company, Hilda Palos Garza, 8417 Amparan Road El Portal, Laredo, Texas 78045.

## 2.
## Jurisdiction and Venue

2.1 This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2 Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose within the Southern District of Texas, McAllen Division.

2.3 Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3.
## Factual Background

3.1 On or about January 19, 2022, Defendant Pineda was the operator of a tractor and trailer combination traveling south on State Highway 336 in Hidalgo, Hidalgo County, Texas. As he approached an intersection with Dicker Road, Defendant Pineda negligently failed to yield the right of way to oncoming traffic and made a careless left turn directly into the path of an oncoming vehicle being driven by Nazario Martinez, accompanied by Juan Garza as his passenger, resulting

in a violent crash. At the time of the crash, Nazario Martinez was the restrained driver of a Ford Transit Van and was operating his vehicle in a reasonable and prudent manner.

3.2     As a direct and proximate result of the impact, Nazario Martinez and Juan Garza suffered pain and symptoms to their bodies, as well as other severe physical and emotional injuries for which they incurred reasonable and necessary medical expenses, including other damages as described more fully below.

3.3     At the time of the impact, Defendant Pineda was an employee of Defendant Galvan, and was acting within the course, scope, and in furtherance of his employment. Defendants had exclusive control of the tractor-trailer involved in this impact. Defendant Galvan is vicariously liable in this cause of action, as a matter of law, for any and all negligence of Defendant Pineda.

3.4     Alternatively, Defendant Galvan is vicariously liable for all damages resulting from the negligence of Defendant Pineda under the common-law doctrine of *respondeat superior*.

## 6.
## Negligence of Defendant, Javier Lagos Pineda

**A.     NEGLIGENCE**

6.1     Defendant Galvan is responsible for the actions of its employee, Defendant Pineda, while acting within the course and scope of his employment.

6.2     The crash made the basis of this lawsuit, described above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant's employee in one or more of the following respects:

    6.2.1   Failing to keep a proper lookout for Plaintiffs' safety;

    6.2.2   Failing to drive at a speed that is reasonable and prudent under the circumstances (Tex. Transp. Code §545.062);

    6.2.3   Failing to make a timely application of his brakes;

    6.2.4   Failing to control his speed or take evasive action;

      6.2.5    Failing to sound his horn, lights, and/or other equipment to warn Plaintiffs of the impending collision;

      6.2.6    Operating his vehicle in violation of hours of service regulation (49 C.F.R. 395.3) and when too tired to do so safely (49 C.F.R. 392.3);

      6.2.7    Failing to properly record his duty status (49 C.F.R. 395.8);

      6.2.8    Failing to properly inspect his vehicle prior to operation (49 C.F.R. 36.13);

      6.2.9    Operating his vehicle in an unsafe condition (49 C.F.R. 396.7), and;

      6.2.10  Operating a vehicle he was unqualified to operate by failing to meet driver qualification standards (49 C.F.R. 391.21 – 391.27, 391.15).

6.3    Each of these acts and omissions, singularly and in combination with others, constituted negligence which proximately caused the collision and Plaintiffs' injuries and damages.

**B.    GROSS NEGLIGENCE**

6.4    The above-referenced acts and/or omissions by Defendant's employee constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant Pineda was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Pineda was aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Juan Garza.

6.5    Defendant Pineda's acts or omissions described above, when viewed subjectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

6.6     Defendant Pineda had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

6.7     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## 7.
## Negligence of Defendant Briggs and Defendant Sammons

**A.   VICARIOUS LIABILITY**

7.1     Defendant Galvan is liable under the doctrine of *respondeat superior* in that its employee, Defendant Pineda, was acting within the course and scope of his employment at the time of the impact and immediately prior thereto.

7.2     At the time of the occurrence of the occurrence and immediately prior thereto, Defendant Pineda was engaged in the furtherance of Defendant's business.

7.4     At the time of the occurrence and immediately prior thereto, Defendant Pineda was engaged in accomplishing a task for which he was employed.

7.5     Plaintiffs invoke the doctrine of *respondeat superior* against Defendant Galvan.

**B.   NEGLIGENCE**

7.6     Defendant Galvan was also independently negligent in one or more of the following respects:

       7.6.1   Failing to exercise ordinary care in hiring and/or contracting Defendant Pineda;

       7.6.2   Negligently entrusting its motor vehicle and trailer to Defendant Pineda;

       7.6.3   Failing to exercise ordinary care in evaluating Defendant Pineda's driver qualifications;

       7.6.4   Failing to exercise ordinary care in training and supervising Defendant Pineda;

        7.6.6   Negligent retention of Defendant Pineda; and,

        7.6.10  Negligent maintenance of the subject commercial motor vehicle.

7.7     As described herein, Defendant Galvan was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

### C.    GROSS NEGLIGENCE

7.8     The above-referenced acts and/or omissions by Defendant Galvan constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant Galvan was heedless and reckless, and its actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant Galvan was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

7.9     Defendant Galvan's acts or omissions described above, when viewed from its standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

7.10    Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiffs and others.

7.11    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**8.**
**Exemplary Damages**

8.1     Plaintiffs' injuries resulted from the Defendants' gross negligence, and therefore Plaintiffs are entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code. The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

8.2     Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiffs respectfully request exemplary damages in an amount to be determined by a jury of their peers.

**9.**
**Damages for Nazario Martinez**

9.1     As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff, Nazario Martinez, was caused to suffer bodily injuries, and to incur the following damages:

- 9.1.1  Reasonable medical care and expenses in the past. These expenses were incurred by Mr. Martinez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

- 9.1.2  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- 9.1.3  Physical pain and suffering in the past and in the future;

- 9.1.4  Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

- 9.1.5  Damage to personal property and loss of use thereof;

- 9.1.6  Loss of earning capacity in the past and which, in all reasonable probability, will be suffered in the future;

    9.1.7   Mental anguish in the past and in the future; and,

    9.1.8   Damage to personal property and loss of use thereof.

## 10.
### Damages for Juan Garza

10. As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff, Juan Garza, was caused to suffer bodily injuries, and to incur the following damages:

    10.1.1   Reasonable medical care and expenses in the past. These expenses were incurred by Juan Garza for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;

    10.1.2   Physical pain and suffering from the time of the crash until the time of his death;

    10.1.4   Physical impairment from the time of the crash until the date of his death;

    10.1.5   Damage to personal property and loss of use thereof, from the time of the crash to the time of his death;

    10.1.6   Loss of earnings from the time of the crash to the time of his death; and

    10.1.7   Mental anguish from the time of the crash to the time of his death.

### Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

    Respectfully submitted,

By: **/s/ *Daniel Torres*___**
Daniel A. Torres
State Bar No. 24046985
daniel@jvlawfirm.com
Javier Villarreal
State Bar No. 24028097
jv@jvlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**Of Counsel:**
**LAW OFFICES OF JAVIER VILLARREAL, P.L.L.C.,**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877